GEORGE JOHNSON & another *vs.* SOMERVILLE DYEING AND BLEACHING COMPANY.

In an action against a manufacturing corporation, in which individuals are summoned in as stockholders, according to the *St.* of 1851, *c.* 315, their liability as stockholders need not be alleged in the declaration.

Proving a claim in insolvency against a manufacturing corporation, and receiving a dividend thereon, will not bar an action against the corporation for the rest of the debt.

The filing of a bill in equity by one creditor, for the benefit of all, against the directors and stockholders of a manufacturing corporation, to charge them with personal liability for its debts, does not bar an action at law previously brought against the corporation by another creditor, or affect his right to levy upon the stockholders summoned in that action.

The liabilities of the stockholders of a manufacturing corporation under the Rev. Sts. *c.* 38, attached to the stockholders of a corporation subsequently incorporated for the purpose of bleaching goods, and made subject by the charter to *cc.* 38 and 44 of the Rev. Sts.

In an action against a manufacturing corporation on a promissory note, if they admit the debt sued on, it cannot be disputed by a stockholder summoned in under *St.* 1851, *c.* 315, § 1.

The liability of stockholders for the debts of a manufacturing corporation, under the Rev. Sts. *c.* 38, § 25, binds a holder of stock at the time of contracting the debts, who ceases to be a stockholder before they are payable.

The holder of stock in a manufacturing corporation by an absolute transfer is subject to the liability imposed on stockholders by the Rev. Sts. *c.* 38, § 22, although he held the stock as collateral security only, and, having been paid his debt, had delivered the certificate to his debtor with a transfer indorsed thereon, signed, but not filled up nor recorded, before the contracting of the debt on which he is sought to be charged.

A writ against a manufacturing corporation, summoning in two persons under the *St.* of 1851, *c.* 315, as copartners, may be amended by charging them individually, and execution issued against them on proof of their individual liability.

ACTION OF CONTRACT upon a promissory note of the defend-
ants, signed by their treasurer, dated June 22d 1857, and pay-
able in four months. The declaration was in the form given in
the practice act of 1852, *c.* 312. Moses French, Ephraim But-
trick, Tileston & Hollingsworth, and others, were named in the
writ, and summoned in as stockholders, according to the *St.* of
1851, *c.* 315, § 1; but were not mentioned, nor the grounds on
which they were sought to be charged set forth, in the declara-
tion. Trial in the superior court of Suffolk at January term
1859, before *Nash,* J.

The corporation, in their answer, set up as their only defence,
that they were in insolvency under proceedings commenced in
November 1857, and that this action could not be maintained
until their assets had been distributed in the court of insol-
vency; and at the trial admitted the execution of the note in
suit, and the authority of their treasurer to execute it. The al-
leged stockholders filed answers, and were admitted to defend,
not as technical defendants, but as persons summoned in as
stockholders. A question arose whether they could contest the
note admitted by the corporation; but the plaintiffs waived any
objection to limiting their defence, and offered evidence of the
authority of the treasurer to execute the note. It appeared that
the corporation had failed to comply with the requirements of
the Rev. Sts. *c.* 38, § 22. The facts material to the understand-
ing of the points decided are stated in the opinion. The jury
returned a verdict for the plaintiffs, and the defendants and
stockholders alleged exceptions.

*S. E. Sewall. E. F. Hodges & S. W. Bates,* in support of the
exceptions.

*A. A. Ranney,* for the plaintiffs.

DEWEY, J. 1. The form of this process, and the averments in
the declaration, are sufficient to authorize the ordinary judgment
against the corporation, and a levy upon the stockholders upon
whom service was made, if, in other respects, they are charge-
able. *Holyoke Bank* v. *Goodman Paper Manuf. Co.* 9 Cush.
576. *Farnum* v. *Ballard Vale Machine Shop,* 12 Cush. 507.
*Richmond* v. *Willis,* 13 Gray, 182.

2. The fact that proceedings in insolvency had been insti‑ tuted, and that subsequently the plaintiff had proved his claim and received a dividend thereon, will not operate to prevent a recovery in the present action for the balance unpaid. *Morse* v. *Reed*, 13 Met. 62. *Barker* v. *Haskell*, 9 Cush. 218. *Coburn* v. *Papier Maché Manuf. Co.* 10 Gray, 243.

3. The filing of a bill in equity, after the institution of the present suit, by another creditor of the corporation against the directors and stockholders of the corporation for personal liabil ities alleged to have accrued under the provisions of the statutes regulating manufacturing corporations, although it purports to be for the benefit of all creditors who may elect to become par‑ ties, will not defeat a recovery in the present action against the corporation, or affect the right to levy upon the stockholders who are by statute made thus chargeable in an action at law insti‑ tuted in the present form. The liability of the directors, under the Rev. Sts. *c.* 38, § 25, is a liability entirely distinct from that of the stockholders under § 22.*

4. This corporation is to be classed with manufacturing cor‑ porations, and is by the terms of its charter made subject to the liabilities set forth in *c.* 38, as well as in *c.* 44, of the Rev. Sts. It was incorporated by *St.* 1838, *c.* 149, " for the purpose of carrying on the business of bleaching, callendering, printing, dyeing and finishing silk, cotton and linen goods." The addition al act of 1848, *c.* 111, only increased the capital and changed its name. Its actual business was that of bleaching goods after they came from the mills. We have no doubt that this corpo‑ ration has attached to it the liabilities of a manufacturing cor‑ poration, as respects those who are stockholders.

5. The corporation, the principal defendants in the action, having admitted the due execution of the note by their author‑ ized agent, the indebtedness of the corporation could not be further questioned by one of their stockholders summoned as such merely. *Holyoke Bank* v. *Goodman Paper Manuf. Co.* 9 Cush. 576. Any question upon this point is only open by consent of

* See *Cambridge Water Works* v. *Somerville Dyeing & Bleaching Co.* 14 Gray, 193, and 4 Allen, 239.

both parties. We perceive, however, no objection to the sufficiency of the evidence to establish the indebtedness of the corporation, and this objection was not urged at the argument.

6. The further inquiry is as to the liability of particular individuals to be charged as stockholders of this corporation, upon any execution which may issue upon a judgment rendered in favor of the plaintiff against such corporation.

In the case of Moses French, the facts are these : He became a stockholder in 1853, and continued such until October 19th 1857; and the plaintiff seeks to charge him upon a note of the corporation dated June 22d 1857, payable in four months from date. He was, therefore, a member when the debt was contracted, and until the same had nearly arrived at maturity. All who are members of any manufacturing corporation, incorporated subsequently to the Rev. Sts., being such when the debt was contracted, are subject to the conditional liability imposed upon stockholders for the debts of the corporation. Such has been the doctrine of this court, as long held and apparently sanctioned fully by the cases of *Hovey* v. *Mill Dam Foundry*, 21 Pick. 453, and *Holyoke Bank* v. *Burnham*, 11 Cush. 183. The result must be therefore that French is chargeable as a stock holder liable to the present creditor.

In the case of Ephraim Buttrick, summoned as a stockholder, it being conceded that, prior to the date of the note held by the plaintiff, Buttrick held stock in the corporation, it was proposed to show in his defence that he received the same as collateral security for a debt due from the person transferring it to him, and that prior to the date of the note, the debt having been paid, he signed a transfer in blank on the back of the certificate, and delivered it to his debtor, but nothing further was done to re-transfer the stock. The form of the transfer to Buttrick was absolute, and not in conformity with the provisions of *St.* 1838, c. 98, § 3, as to shares transferred as collateral security. That a person holding stock in a manufacturing corporation by such absolute certificate is liable for the debts of the company, under Rev. Sts. *c.* 38, § 16, was held by this court in the case of *Holyoke Bank* v. *Burnham*, *supra ;* and that a delivery of a certificate of

stock in a manufacturing corporation, indorsed with a printed transfer, signed, but not filled up, passes no title in the shares, was decided by the case of *Boyd* v. *Rockport Steam Cotton Mills*, 7 Gray, 406. The latter case seems directly in point on the question of the validity of the retransfer by Buttrick. Upon the facts, it seems to be clear that Buttrick must be held liable as a stockholder. Without expressing any opinion upon the necessity of recording transfers of stock in manufacturing corporations on the books of such corporation, to vest a valid title in the purchaser, the court have no doubt that there must be a full transfer of the shares to some third party, executed by the holder of the shares; and this had not been done in the present case by Buttrick.

Tileston and Hollingsworth were summoned as stockholders, describing them in the writ, after a recital of their individual names, as " copartners under the name of Tileston & Hollingsworth." It would seem from the bill of exceptions, that by the stock books of the company these persons were to some extent owners of stock as copartners. But upon the case as found by the jury, the stock they had owned as partners had been in fact divided between them, and the jury found that Tileston owned stock as an individual, and Hollingsworth owned stock as an individual; and the court ruled that they were not entitled to a *supersedeas*, as asked for by them. It appears that each had been duly served with a summons, alleging him to be a stockholder, and each was before the court; and it is further stated in the bill of exceptions that " the proper amendments were made, or considered made, without objection." In the opinion of the court, the objection to the form of charging them may properly be deemed to be obviated by the amendment considered to be made. Such amendment would have been competent and proper.

As to the other persons defending against the charge of being stockholders, the objections urged have been disposed of in the former portions of this opinion. *Exceptions overruled.*